**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: May 28 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Benjamin A. Hastings, | ) | Case No. 13-34506 |
| | ) | |
| Debtor(s). | ) | Chapter 7 |
| | ) | |
| Barbara A. Vogt, | ) | Adv. Pro. No. 14-03022 |
| | ) | |
| Plaintiff(s), | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Benjamin A. Hastings, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

### ORDER

The court held a hearing on May 20, 2014, on Defendant's motion to dismiss Plaintiff's complaint, [Doc. # 12]. Plaintiff is representing herself in this adversary proceeding. She did not appear at the hearing. Attorney for Defendant appeared in person at the hearing.

Defendant is the Debtor in the underlying Chapter 7 case. Plaintiff is a creditor in that case.

The court construed her letter to the court as a complaint under both § 523 of the Bankruptcy Code, asking to have the some $70,000 debt owed to her by Plaintiff excepted from Defendant's discharge, and § 727 of the Bankruptcy Code, asking to have Defendant's discharge denied. 11 U.S.C. §§ 523 and 727. Among other grounds, Defendant asks to have the complaint dismissed under both Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, and Rule 9(b) of the Federal Rules of Civil Procedure, for failure to plead fraud with particularity. *See* Fed. R. Bankr. P. 7009 and 7012. Although Plaintiff did not come to the hearing, she filed her opposition to the motion to dismiss.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.*

The United States Supreme Court recently explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

> alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> . . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id.* Further, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th Cir.2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)).

"The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C–1–08–255, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Simpson*, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The court recognizes that pleadings filed by pro se litigants are to be "construed more liberally than pleadings drafted by lawyers." *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). While pro se litigants are afforded this less stringent standard, "pro se plaintiffs are not automatically entitled to take every case to trial...[and] the lenient treatment generally accorded to

pro se litigants has limits." *Pilgrim v. Littlefield*, 92. F.3d 413, 416 (6th Cir. 1996). Those who proceed without counsel must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)("Neither this court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits.").

Plaintiff's complaint against Defendant states as follows:

> I am one of the creditors against Benjamin A. Hastings and probably his biggest creditor. I cannot afford any more in legal fees to pursue this.
> He owes me over $70,000 on a loan I made to him on August 1, 2003 in good faith and which he has made no real effort to repay. This was money I though I would have for my retirement.
> I do not feel he should be able to dismiss this debt and still own anything.
> I would like him to account for the thousands and thousands of dollars that he posessed [sic] in workout equipment, bicycle parts, expensive bicycles and his motorcycle that he owned.
> I think it is a disgrace that a healthy, able bodied man can con me out of my savings and I have no recourse.

Plaintiff's non-dischargeability complaint sounds in fraud under § 523(a)(2), which excepts from an individual's bankruptcy discharge a debt for money to the extent "obtained by–false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). The facts of a debt owed to her, when it was incurred and the amount of the debt are taken as true, but do not advance Plaintiff's cause beyond a breach of contract. The failure to pay in breach of a loan agreement is not enough to except a debt from discharge. Specifically, the two statements that sound in fraud are "he has made no real effort to repay" and "a healthy, able bodied man can con me out of my savings." Plaintiff's "no real effort to repay" statement is a well-pleaded fact, which the court takes as true for purposes of deciding the motion to dismiss. Under certain circumstances, combined with other facts, that fact could be part of a basis to except a debt from discharge under § 523(a)(2). However, that statement in and of itself is not enough to state a plausible cause of action for fraud and its required elements under § 523(a)(2).

The additional statement that Defendant "con[ned]" Plaintiff out of her savings is in the nature of a legal conclusion devoid of other factual support. Thus it is not a well-pleaded fact and

cannot be taken by the court as true for purposes of deciding her motion to dismiss. Moreover, Rule 9(b) says that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Even if the statement that Defendant conned Plaintiff out of her money is true, the facts showing how he "conned" her to get money from her have not been stated with particularity as required by Rule 9(b).

These are precisely the type of "unadorned defendant harmed me allegations" about which the United States Supreme Court expressed concern in *Iqbal*. The court therefore concludes that Plaintiff has failed to state a claim under § 523(a)(2) upon which relief could be granted by excepting the debt owed to her from Defendant's Chapter 7 discharge.

As to a claim for denial of discharge under § 727, Plaintiff's complaint sounds like it is trying to state a cause of action under for Defendant having "failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency to meet debtor's liabilities." 11 U.S.C. § 727(a)(5). The only part of her complaint that addresses this issue is the statement that "I would like him to account for the thousands and thousands dollars that he posessed [sic] in workout equipment, bicycle parts, expensive bicycles and his motorcycle that he owned." Taking as true for purposes of the motion that Defendant owned thousand of dollars of gym equipment, bicvcles and parts and a motorcycle, the averments fall just short of stating a cause of action under § 727(a)(5) in that there is no averment that he no longer has such equipment or has concealed it, which might also state a claim under § 727(a)(2). Although it comes close, the court ultimately agrees with Defendant that this bare bones averment is not enough to state a plausible claim for denial of Defendant's discharge under any part of § 727(a).[1]

Even affording Plaintiff the benefit of the doubt as a pro se party in evaluating her complaint, the court finds that she has not stated plausible claims for relief against Defendant under either §

---

[1] The court also notes that at least some such assets are disclosed on Defendant's Schedule B and C in Case No. 13-34506, [Doc. # 1, pp. 9--12]. In connection with a Rule 12(b)(6) motion, courts may consider beyond the pleadings matters of which the court may take judicial notice without converting the motion to one for summary judgment under Rule 56. *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999); *see* Fed. R. Civ. P. 12(d). The court takes judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

523(a)(2) or § 727(a). This a case where the limits of liberal construction afforded pro se pleadings have been reached. However, because Plaintiff is pro se, the court will afford her the opportunity to amend her complaint to state facts sufficient to plead properly causes of action against Defendant under either § 523(a)(2) or § 727(a) as it does not appear to the court that it is beyond a doubt that there are no facts to support relief for Plaintiff. *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). For good cause appearing,

**IT IS ORDERED** Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute Claim; and Pursuant to Civil Rules 12(B) and 9(B) [Doc. # 12] is **GRANTED**, provided, however, Plaintiff is hereby granted leave to file an Amended Complaint, if any, on or before **June 30, 2014.** If no amended complaint is filed with the court by Plaintiff by this deadline, this adversary proceeding will be dismissed by further order of the court, without notice or opportunity for further hearing.

###

.