**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: April 6 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re:  Benjamin A. Hastings, | ) | Case No. 13-34506 |
| | ) | |
| Debtor(s). | ) | Chapter 7 |
| | ) | |
| Barbara A. Vogt, | ) | Adv. Pro. No. 14-03022 |
| | ) | |
| Plaintiff(s), | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Benjamin A. Hastings, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM OF DECISION AND ORDER</u>

This case is before the court on Defendant's motion to dismiss Plaintiff's amended complaint. [Doc. # 26]. Plaintiff is representing herself in this adversary proceeding. She sent a letter to the court after Defendant filed his motion. [Doc. # 27]. The court construes Plaintiff's most recent letter as her opposition to the requested dismissal.

Defendant is the Debtor in the underlying Chapter 7 case. Plaintiff is a creditor in that case.

The court construed her very first letter to the court as her original complaint under both § 523 of the Bankruptcy Code, asking to have the some $70,000 debt owed to her by Plaintiff excepted from Defendant's discharge, and § 727 of the Bankruptcy Code, asking to have Defendant's discharge denied. 11 U.S.C. §§ 523 and 727.

Defendant, who is represented by counsel, also filed a motion to dismiss Plaintiff's original complaint. By order entered on May 28, 2014, [Doc. # 17], the court granted the motion and dismissed Plaintiff's original complaint for failure to state a claim under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. In that order, and because Plaintiff is representing herself, the court granted her leave to file an amended complaint even though she had not asked for leave to do so.[1] In response to that order, Plaintiff sent another letter to the court dated June 8, 2014. [Doc. # 19]. The court construes Plaintiff's June 8, 2014, letter as her amended complaint, and directed that it be docketed as such.

After Plaintiff filed her amended complaint, the court set a further pretrial conference. [Doc. ## 20, 21]. Defendant and Attorney for Defendant appeared in person at the pretrial conference. Plaintiff did not appear, as she did not appear at the original pretrial conference or at the hearing on the original motion to dismiss. [Doc. # 22, 24, 25]. At the further pretrial conference, Defendant indicated his intention to file another motion to dismiss, and did so within the deadline set by the court. That is Defendant's motion now before the court.

Defendant asks to have the amended complaint dismissed again under both Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, and Rule 9(b) of the Federal Rules of Civil Procedure, for failure to plead fraud with particularity.

---

[1]

In the Sixth Circuit, the "default rule is that 'if a party does not file a motion to amend or a proposed amended complaint' in the trial court, 'it is not an abuse of discretion to dismiss the claims with prejudice.'" *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012)(quoting *CNH Am. LLC v. UAW*, 645 F.3d 785, 795 (6th Cir. 2011)); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991)("[A] district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought"); *Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 549, 556 (6th Cir. 2011)("Plaintiffs having failed to present the issue of amendment, we discern no abuse of discretion in the district court's decision to dismiss their claims with prejudice."); *Begala v. PNC Bank*, 214 F.3d 776, 783-84 (6th Cir. 2000)("Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.").

2

*See* Fed. R. Bankr. P. 7009 and 7012. He also asks the court to dismiss Plaintiff's complaint under Rule 41(b) of the Federal Rules of Civil Procedure, applicable under Rule 7041 of the Federal Rules of Bankruptcy Procedure, based on Plaintiff's non-appearances as a want of prosecution of her case.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.*

The United States Supreme Court has further explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> . . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id.* Further, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th Cir.2011)

3

(quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)).

"The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C–1–08–255, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Simpson*, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

In addition to these notice pleading standards under Rule 8, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

These basic pleading principles under Rule 8, as explained by the Supreme Court in *Twombly* and *Iqbal*, and Rule 9 apply equally to bankruptcy nondischargeability complaints as to other federal complaints. *See, e.g., Cent. Mut. Ins. Co. v. Starr (In re Starr)*, Case No. 11-16958, Adv. Pro. 11-1317, 2012 Bankr. LEXIS 630 (Bankr. N.D. Ohio Feb. 13, 2012); *Fontenot v. Theile (In re Thiele)*, Case No. 09-51682, Adv. Pro. No. 09-5080, 2010 WL 1026972, 2010 Bankr. LEXIS 847 (Bankr. E.D. Tenn. Mar.17, 2010); *Iwaszczenko v. Neale (In re Neale)*, 440 B.R. 510, 517 (Bankr. W.D. Wis. 2010).

The court recognizes that pleadings filed by pro se litigants are to be "construed more liberally than pleadings drafted by lawyers." *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). While pro se litigants are afforded this less stringent standard, "pro se plaintiffs are not automatically entitled to take every case to trial...[and] the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92. F.3d 413, 416 (6th Cir. 1996). Those who proceed without counsel must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)("Neither this court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits.").

4

Plaintiff's original complaint against Defendant stated as follows:

> I am one of the creditors against Benjamin A. Hastings and probably his biggest creditor. I cannot afford any more in legal fees to pursue this.
> He owes me over $70,000 on a loan I made to him on August 1, 2003 in good faith and which he has made no real effort to repay. This was money I though I would have for my retirement.
> I do not feel he should be able to dismiss this debt and still own anything.
> I would like him to account for the thousands and thousands of dollars that he posessed [sic] in workout equipment, bicycle parts, expensive bicycles and his motorcycle that he owned.
> I think it is a disgrace that a healthy, able bodied man can con me out of my savings and I have no recourse.

As the court observed, Plaintiff's original non-dischargeability complaint sounds in fraud under § 523(a)(2), which excepts from an individual's bankruptcy discharge a debt for money to the extent "obtained by–false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). The facts of a debt owed to her, when it was incurred and the amount of the debt are taken as true, but do not advance Plaintiff's cause beyond a breach of contract. The failure to pay in breach of a loan agreement is not enough to except a debt from a bankruptcy discharge. Specifically, the two statements in the original complaint that sound in fraud are "he has made no real effort to repay" and "a healthy, able bodied man can con me out of my savings." Plaintiff's "no real effort to repay" statement is a well-pleaded fact, which the court takes as true for purposes of deciding the motion to dismiss. Under certain circumstances, combined with other facts, that fact could be part of a basis to except a debt from discharge under § 523(a)(2). However, that statement in and of itself is not enough to state a plausible cause of action for fraud and its required elements under § 523(a)(2).

The additional statement in the original complaint that Defendant "con[ned]" Plaintiff out of her savings is in the nature of a legal conclusion devoid of other factual support. Thus, the court found, it is not a well-pleaded fact and cannot be taken by the court as true for purposes of deciding her motion to dismiss.

These are precisely the type of "unadorned defendant harmed me allegations" about which the United States Supreme Court expressed concern in *Iqbal*. The court therefore concluded that Plaintiff's original complaint failed to state a claim upon which relief could be granted under either

5

§ 523(a)(2) or § 727.

With respect to Plaintiff's amended complaint as to her § 523(a)(2) claim, Plaintiff makes some additional factual allegations. Plaintiff's new, properly pleaded factual allegations, which are all taken as true, are as follows: (1) Defendant had been making sporadic payments to Plaintiff on the loan in amounts like $25; (2) once he sent her a check for $40.00 with a memo line that said "for four months;" (3) he mischaracterized the transaction to her a couple of times as a gift or as an investment [at least that Defendant stated those things to her is taken as true, not that the statements themselves are true, which Plaintiff herself contests]; (4) before Defendant filed for bankruptcy, he offered to pay her $2,500 or $100 per month; and (5) he had no real intent to pay on the debt to her.

In order to except a debt from discharge under § 523(a)(2)(A) this section due to false pretense or false representation, a plaintiff must prove the following elements by a preponderance of the evidence: (1) the debtor obtained money, property, services or credit through a material misrepresentation, either express or implied, that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) the creditor's reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998). In turn, for purposes of § 523(a)(2)(A), "false representations and false pretenses encompass statements that falsely purport to depict current or past facts." *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983). "'False pretense' involves implied misrepresentation or conduct intended to create and foster a false impression, as distinguished from a 'false representation' which is an express misrepresentation." *Ozburn v. Moore (In re Moore)*, 277 B.R. 141, 148 (Bankr. M.D. Ga. 2002)(quoting *Sears Roebuck & Co. v. Faulk (In re Faulk)*, 69 B.R. 743, 750 (Bankr. N.D. Ind. 1986)).

While a plaintiff does not have to plead all of the facts required to support a claim or elements of a cause of action or legal theories or statutes, she must still put a party on notice of facts providing a right to recovery. And in properly pleading a plausible cause of action under § 523(a), a plaintiff must at least identify a claimed misrepresentation by the what, where, and when and state facts from which reliance and intent may at least reasonably be inferred by the court. *Neale*, 440 B.R. at 522("A complaint which fails to identify the fraudulent statements or the reasons why they are fraudulent does not satisfy the particularity requirements of Rule 9(b)."); *see Frank v. Dana Corp.,* 547 F.3d

6

564, 570 (6th Cir. 2008)(quoting *Gupta v. Terra Nitrogen Corp.,* 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998))*; CNH Am. LLC v. UAW*, 645 F.23d 785, 794-95 (6th Cir. 2011).

Taken together with her original complaint, Plaintiff's amended complaint properly avers a debt owed to her. In amending her complaint, it was incumbent on Plaintiff under both Rule 8 and Rule 9(b) to identify the false statements or the mechanics of the fraud pursuant to which Plaintiff says Defendant "conned" her out of her money. The amended complaint sufficiently avers the element of Defendant's ill-intent, which may be "alleged generally" under Rule 9(b). But that ill-intent is disconnected from any plausible showing of facts comprising misrepresentation, fraud or false pretenses. At most, however, the new facts in the amended complaint just show in more detail that Defendant made only small sporadic payments to her and did not pay her back. The facts of the payments and the pre-bankruptcy offer state a plausible claim for a loan agreement between the parties, as opposed, for example, to a gift. But they do not advance a plausible claim of fraud in the transaction. Nor does Defendant's perceived mischaracterization of the parties' transaction as a gift or an investment, whether taken alone or in combination with the other facts stated by Plaintiff, plausibly allow the court to infer that Defendant defrauded Plaintiff. There is no identification of any claimed misconduct or misrepresentation by Defendant beyond failing to pay her loan back, let alone particular facts as required by Rule 9(b) where fraud is being averred. There are no facts stated from which the court can infer reliance, justifiable or otherwise. Rather the well-pleaded facts in the complaint and the amended complaint taken together still establish at most a plausible claim for breach of a loan agreement between the parties.

As to a claim for denial of discharge under § 727, Plaintiff's original complaint sounds like it is trying to state a cause of action for Defendant having "failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency to meet debtor's liabilities." 11 U.S.C. § 727(a)(5). The only part of her original complaint that addresses this issue is the statement that "I would like him to account for the thousands and thousands dollars that he possessed [sic] in workout equipment, bicycle parts, expensive bicycles and his motorcycle that he owned." Taking as true for purposes of the motion that Defendant owned thousand of dollars of gym equipment, bicycles and parts and a motorcycle, the averments fall just short of stating a cause of action under § 727(a)(5) in that there is no averment that he no longer has such equipment or has concealed it, which might also state a claim under § 727(a)(2). Although it comes close, the

7

court ultimately agreed with Defendant that this bare bones averment is not enough to state a plausible claim for denial of Defendant's discharge under any part of § 727(a). Moreover, as also previously noted by the court, [Doc. # 17, p. 5/6], some of the assets about which Plaintiff raises questions are in fact disclosed on his schedules.[2]

In her amended complaint, Plaintiff does not add any new factual allegations that go to denial of discharge. She addresses this claim further only by asking why she has not been given a copy of Debtor's schedules as referenced in the court's prior opinion. This query does nothing to advance facts supporting Plaintiff's claim for denial of discharge under § 727(a) beyond its deficient status from the original complaint.

In her letter opposing the motion to dismiss her amended complaint, Plaintiff also lists facts about real property owned by Defendant and asks why he gets to keep any property, including what is listed on his schedules, while filing for bankruptcy to discharge his debts owed to her and others. Congress and the Ohio legislature have long allowed debtors to keep certain amounts and types of real and personal property even though they are not paying their debts. *Compare* 11 U.S.C. § 522(b)-(d) *with* Ohio Revised Code § 2329.66. In Ohio, for example, a debtor may retain over $120,000 in equity in a home free from creditor judgments that do not arise from consensual mortgage liens. This is the basic creditor/debtor law concept known as exemptions, which apply both in bankruptcy and outside of bankruptcy. Neither the Chapter 7 Trustee assigned to this case nor any other party, including Plaintiff, objected to any of Debtor's claimed exemptions, which were due no later than 30 days after the conclusion of the meeting of creditors, or by January 20, 2014, in Defendant's case. *See* Fed. R. Bankr. P. 4003(b)(1),(2). Keeping exempt property or property abandoned by the Trustee

---

[2]

 The court takes judicial notice of of the contents of its dockets in Defendant's Chapter 7 bankruptcy , as well as in the instant Adversary Proceeding No. 14-03022. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it). A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010), and finding the plaintiff's earlier complaint filed against another entity may properly be considered).

is not a plausible basis for denial of a discharge. The court therefore finds that Plaintiff has still not stated through her amended complaint a plausible claim for denial of Debtor's discharge under § 727(a)(5) or (a)(2).

In summary, even affording Plaintiff the benefit of the doubt as a pro se party in evaluating her pleadings, the court finds that she has not stated facts-- in her complaint and amended complaint as taken together-- from which the court can find directly or infer that she has plausible claims for relief against Defendant under either § 523(a)(2) or § 727(a) .

The court granted Plaintiff the opportunity to amend her original complaint. The court will not grant Plaintiff leave to amend her complaint a second time. Having had the benefit of her complaints and her other letters to the court, any further attempts at amendment would be futile at this point. The amended complaint has not moved the needle further toward providing the court with a short and plain statement of well-pleaded facts from which the court can infer that Plaintiff has a plausible claim for anything other than a dischargeable breach of a contract debt owed to her by Defendant.

The court understands Plaintiff's anger and upset over what has been shown in this case to be, at most, the basic functioning of the bankruptcy process. That anger and, to some degree, disbelief is common in lay persons. But the court simply cannot find any basis for this litigation to proceed forward outside the basic functioning of the bankruptcy system based on the pleadings that Plaintiff has submitted.[3]

For good cause appearing,

**IT IS ORDERED** Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to Prosecute Claim; and Pursuant to Civil Rules 12(B)(6) and 9(B) [Doc. # 12] is **GRANTED, without further leave to amend.** A separate judgment on the complaint will be entered by the

---

[3]

The court declines to dismiss the complaint on the alternative grounds of want of prosecution. While Plaintiff did not appear at either pretrial conference or at the other hearing held by the court, she has thus far been responsive to court orders. Defendant has not shown prejudice arising from her failure to appear to date, which Plaintiff addresses as being on the basis of her age (75) and inability to drive the distance from her home to court in Toledo due to disability. At some point, however, even as a pro se party, Plaintiff would nevertheless be required to appear in court here in Toledo for a trial in her case were there a sufficient complaint advanced. Any failure to appear under those circumstances would expose Plaintiff to sanctions.

9

court.

###

10